UNITED STATES of America, Appellee,

v.

**Frederick M. ANDERSON,**
**Defendant–Appellant.**

**No. 885, Docket 89–1509.**

United States Court of Appeals,
Second Circuit.

Argued April 3, 1990.

Decided May 9, 1990.

Paul J. Connolly, Albany, N.Y. (Daniel A. Whalen, of counsel), for defendant-appellant.

Bernard J. Malone, Jr., Albany, N.Y., Asst. U.S. Atty. for N.D.N.Y. (Frederick J. Scullin, Jr., U.S. Atty. for N.D.N.Y., Barbara D. Cottrell, Asst. U.S. Atty., of counsel), for appellee.

Before FEINBERG, TIMBERS and PRATT, Circuit Judges.

FEINBERG, Circuit Judge:

Defendant Frederick M. Anderson appeals from a judgment of conviction on two counts of possessing lysergic acid diethylamide (LSD) with intent to distribute and two counts of distributing LSD, in violation of 21 U.S.C. § 841(a)(1). Appellant was tried before a jury and Judge Lee P. Gagliardi in the United States District Court for the Northern District of New York, and received on each count concurrent sen-

tences of 120 months and six years of supervised release. Anderson argues on appeal that the district court erred in: (1) denying his motion to dismiss the second superseding indictment for violation of both the Speedy Trial Act, 18 U.S.C. § 3161 et seq. (the Act), and his Sixth Amendment right to a speedy trial; (2) dismissing counts one and two of the first superseding indictment without prejudice, rather than with prejudice, for violation of the Act; and (3) excluding certain evidence at trial. Anderson also argues that the prosecutor's improper comment during summation was plain error and requires reversal. For reasons set forth below, we affirm.

## I. Background

The facts giving rise to this appeal—particularly the chronology—must be stated in detail because of the issues before us. On November 7, 1988, Anderson was arrested following a four-month investigation into his distribution of LSD and methamphetamine. Anderson was continuously incarcerated from the day of his arrest to July 10, 1989, when his trial commenced.

Shortly after Anderson's arrest, an attorney was appointed to represent him. Anderson expressed his desire to proceed to trial in a December 1, 1988 letter to his attorney. However, she was engaged in a trial from November 21, 1988 to December 20, 1988, as was the Assistant United States Attorney assigned to this case. By agreement between defense counsel and the government, on January 6, 1989, Magistrate Ralph W. Smith, Jr., signed a stipulation/order purporting to exclude retroactively from speedy trial time the period from November 7, 1988 to January 6, 1989 (the January 6, 1989 stipulation). Shortly thereafter, Anderson requested that new counsel be appointed to represent him, and this request was granted.

On February 1, 1989, the government filed the original indictment, which charged Anderson with two counts of possession of LSD with intent to distribute (counts I & V), two counts of distribution of LSD (counts II & VI) and two counts of distributing bogus methamphetamine in violation of 18 U.S.C. § 641 (counts III & IV). The

pretrial order issued on that date required Anderson to file his pretrial motions by February 28, 1989. Anderson's new attorney and the government subsequently entered into a stipulation extending Anderson's time to file pretrial motions until March 14, 1989, and purporting to exclude from the 70-day speedy trial clock the period from February 28, 1989 to March 14, 1989. On March 2, 1989, the district court approved this stipulation (the March 2, 1989 stipulation).

On March 17, 1989, Anderson filed a motion that sought, among other things, the suppression of certain statements made by him. As will be seen below, this motion assumes crucial importance on this appeal.

On April 12, 1989, the government filed the first superseding indictment. (This indictment was obtained to correct a technical error in the original indictment). On April 19, 1989, Anderson was arraigned on the first superseding indictment. On April 20, 1989, the district judge advised the parties that he was ready to try the case, but defense counsel requested thirty days from the filing of the superseding indictment to the date of trial, see 18 U.S.C. § 3161(c)(2), to prepare for trial. Accordingly, the judge set a trial date of May 22, 1989.

On May 1, 1989, Anderson filed another pretrial motion, seeking dismissal with prejudice of counts I and II of the first superseding indictment on the ground that the January 6, 1989 stipulation was invalid, because its retroactive exclusion of time from November 7, 1988 to January 6, 1989 was improper. On June 28, 1989, the district court dismissed counts I and II but without prejudice. The next day, the government filed a second superseding indictment, identical to the first superseding indictment. On the same day, Anderson filed another motion to dismiss, on constitutional and statutory speedy trial grounds. The district court apparently denied this motion on July 7, 1989 in open court.

On July 7, 1989, the court also held a suppression hearing on that portion of the March 17, 1989 motion that sought suppression of certain statements of Anderson. The motion to suppress was denied at the end of the hearing.

On July 10, 1989, Anderson's trial commenced. At trial, Anderson in effect conceded that on two separate occasions he had distributed to one Frank Pitcher substances that Anderson represented to be LSD. Pitcher had earlier been arrested on drug charges and had agreed to cooperate with authorities in their investigation of Anderson. At trial, Anderson did not deny that the substances he had distributed contained LSD; he did deny, however, any knowledge of that fact. Specifically, Anderson claimed that, upon trying one "hit" from the strip from which the substances came, he concluded that the active ingredient was not LSD, but belladonna, a non-controlled substance. In other words, the defense theory was that Anderson had tried to "rip-off" Pitcher by charging him for a substance that resembled, but was not, LSD. The defense case included Anderson's own testimony, and the testimony of Terrence Russo, a childhood friend.

The jury found Anderson guilty on the counts charging possession with intent to distribute LSD and possession of LSD, and acquitted him on the counts charging distribution of bogus methamphetamine. Because Anderson had two previous felony drug convictions, he faced possible sentencing as a career offender under the Federal Sentencing Guidelines. See United States Sentencing Commission, Guidelines Manual §§ 4B1.1, 4B1.2 (Nov.1989). The government recommended that Anderson be sentenced within the Guideline range of 262–327 months, but the district court departed downward and sentenced Anderson to concurrent terms of 120 months on all four counts. This appeal followed. While the appeal was pending in this court, the district court issued an opinion on March 27, 1990 denying bail.

## II. Discussion

### A. Speedy Trial

1. *Statutory Claim.* The Act commands the government to bring criminal defendants to trial within 70 days of their first appearance before a judicial officer or the filing of the indictment, whichever occurs later. See 18 U.S.C. § 3161(c)(1). Certain defined periods of delay are automatically excluded from the calculation of the 70–day time limit. See § 3161(h)(1)–(7). Anderson argues that the second superseding indictment, on which he was tried, should have been dismissed for violation of the Act.

■ The speedy trial clock started to run on February 1, 1989, when Anderson was first indicted, and stopped on July 10, 1989 when the trial began. See § 3161(c)(1). This is a period of 158 days.[1] Anderson offers a number of theories as to why only 41 days (from May 1 to June 8 and July 6–7) should be excluded for speedy trial purposes. This would leave a period of delay of 117 days, well beyond the 70–day statutory requirement. We need not, however, address all of Anderson's theories. As will be seen below, our disposition of Anderson's key claim that his March 17, 1989 motion sought only a suppression hearing and not suppression itself renders these other arguments irrelevant.

■ We turn now to the proper calculation of the number of nonexcludable days between February 1, 1989 and July 10, 1989. The 28–day period between February 2 to March 1 is nonexcludable, and the March 2, 1989 stipulation, to the extent that it purported to retroactively exclude the period February 28 to March 1, is contrary to the law of this circuit. See *United States v. Tunnessen*, 763 F.2d 74, 78 (2d Cir.1985). The period between March 2 to March 14, however, was excluded prospectively by this stipulation and thus is properly excluded from the speedy trial calculation. The two days of March 15–16 are nonexcludable, since the stipulation had by then expired. Thus, up to March 17, only 30 days (February 2–March 1 and March

---

**1.** In calculating the clock's 70 days from indictment to trial, the date of the indictment is not counted. The first day of Anderson's 70 days was therefore February 2. See *United States v. Simmons,* 763 F.2d 529, 530 n. 1 (2d Cir.1985).

15–16) must be counted for calculating the 70–day speedy trial limit.

■ Anderson's March 17, 1989 motion sought, among other things, the suppression of certain statements. The Act provides that "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing" shall not be counted in computing the time within which the trial of any such offense must commence. 18 U.S.C. § 3161(h)(1)(F). The motion was denied on July 7, 1989, a few days before the trial started. Thus, Anderson's motion to suppress tolled the 70–day speedy trial clock until the court's disposition of that motion on July 7, 1989. Accordingly, Anderson's statutory speedy trial claim must fail, although for reasons other than those given by Judge Gagliardi in his March 27, 1990 opinion denying Anderson's motion for bail pending appeal. When all of the delay attributable to the processing of the suppression motion is excluded, Anderson's trial commenced well within 70 days of the filing of the indictment.

Anderson argues, however, that the March 17, 1989 motion sought not the suppression of evidence itself but only an order directing that a suppression hearing be held, and that this motion was disposed of no later than April 28, 1989, when the court advised the parties that a suppression hearing would be held on May 19, 1989. (The hearing was later postponed to July 7). According to Anderson, therefore, only the period from March 17 to April 28 can be excluded. Anderson finds support for this claim in the district court's March 27, 1990 opinion denying bail.

Anderson's argument is without merit, since the motion clearly sought the suppression of certain evidence, referring to the request for a hearing as only a fallback prayer for relief. Obviously, the primary object of the motion was suppression of evidence, not a hearing on whether to suppress it. It is true that in the March 27, 1990 opinion the district court implies that it disposed of Anderson's March 17, 1989 omnibus motion at a conference on April 20, 1990. In another part of the opinion,

however, the district court makes clear that the motion to suppress was addressed at the July 7, 1989 hearing.

■ Citing *United States v. Hastings,* 847 F.2d 920 (1st Cir.), cert. denied, ——— U.S. ———, 109 S.Ct. 308, 102 L.Ed.2d 327 (1988), Anderson also argues that no time should be excluded on the basis of the March 17, 1989 motion because the government's failure to comply with the discovery provisions of the pretrial order compelled him to bring his motion. *Hastings,* however, does not justify the speedy trial exclusion that Anderson seeks. The government's refusal to turn over discovery material there had been "chronic," id. at 922, and in bad faith. No such claim can be made here. Moreover, the court there noted that "the pattern of discovery infractions should not have affected the balancing demanded by the Speedy Trial Act." Id. at 930.

■ In a variation of this argument, Anderson also relies on the pretrial order here requiring all pretrial motions to be filed within 28 days of the indictment. According to Anderson, because the district court delayed a hearing on the suppression motion until the eve of trial, excluding that entire period transformed the exercise of his right to a suppression hearing into a waiver of his statutory right to a prompt trial. This argument is another way of claiming that the court took an unreasonably long time to dispose of the motion after it was filed. The claim must fail, in view of the Supreme Court's explicit pronouncement that § 3161(h)(1)(F) "does not require that a period of delay be 'reasonable' to be excluded." *Henderson v. United States,* 476 U.S. 321, 326–27, 106 S.Ct. 1871, 1874, 90 L.Ed.2d 299 (1986). As this court has recognized, the rationale of *Henderson* is that the "statutory provisions of the Speedy Trial Act that provide for the exclusion of time embody a reasonableness standard only when Congress has explicitly required that the period of delay be reasonable." *United States v. Matsushita,* 794 F.2d 46, 51 (2d Cir.1986); see also *United States v. Simmons,* 812 F.2d 818, 819 (2d Cir.1987) (rejecting claim that

117–day period between filing of suppression motion and its disposition was not properly excludable).[2]

■ 2. *Sixth Amendment Claim.*— Anderson also argues that the eight-month delay between his arrest and trial violated his constitutional right to a speedy trial under *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Under the four-factor balancing test of *Barker*, a court looks to the "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id. at 530, 92 S.Ct. at 2191. Anderson contends that the eight-month delay from arrest to trial was too long in light of the simplicity of the offenses charged; that the reasons for the delay included such factors as the failure of the government and Anderson's prior counsel to attend to the case and the failure of the government to respond to discovery requests; that Anderson asserted his constitutional right by expressing his desire to proceed promptly to trial in a December 1988 letter to prior defense counsel and in a May 1989 motion under the Act; and that he was prejudiced because he spent eight months in prison awaiting trial on relatively minor charges.

■ We are not persuaded. "[T]he considerations involved in applying the [*Barker*] critical balancing test are confided to the trial court's discretion." *United States v. Tantalo*, 680 F.2d 903, 910 (2d Cir.1982). We cannot say that the district court abused that discretion here. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530, 92 S.Ct. at 2191. Moreover, "the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." Id. at 530–31, 92 S.Ct. at 2191–

92. The record indicates that defense counsel agreed to delays and continuances for purposes of plea negotiations, and also refused to go to trial on April 20, despite the judge's readiness to do so. Furthermore, with regard to the final *Barker* factor of prejudice, the Supreme Court there considered a ten-month period of incarceration to constitute "minimal" prejudice. Id. at 534, 92 S.Ct. at 2194.

### B. Dismissal of First Superseding Indictment

■ Under 18 U.S.C. § 3162(a)(2), in determining whether to dismiss a case with or without prejudice, the court is required to consider the following factors: "the seriousness of the offense; the facts and circumstances of the case that led to the dismissal; and the impact of a reprosecution on the administration of [the Act] and on the administration of justice." Anderson principally argues that counts I and II of the first superseding indictment should have been dismissed with prejudice, because the offense was not "serious," in view of the small quantity of drugs involved, and because the January 6 retroactive exclusion of time in violation of *Tunnessen*, 763 F.2d 74, on which the dismissal was based, showed that the government is not taking its speedy trial obligations seriously. Anderson argues that only dismissal with prejudice will give the government an incentive to comply with, and further the administration of, the Act.

■ We do not believe that the district court abused its discretion in this respect. In *United States v. Kiszewski*, 877 F.2d 210 (2d Cir.1989), this court upheld dismissal without prejudice where, as here, part of the delay was caused by the issuance of an order that violated *Tunnessen*. We pointed out in *Kiszewski* that as an appellate court our role is limited to deciding

---

**2.** After oral argument, Anderson moved this court for release on bail pending the disposition of this appeal. In view of our affirmance, we deny the motion as moot. In the motion, however, Anderson raises a new argument, i.e., if his March 17, 1989 motion was not decided until July 7, 1989, then the district court violated the Northern District's Plan for Prompt Dis-

position of Criminal Cases (the Plan), because the pertinent section of that Plan requires all pre-trial hearings to be held as soon as possible after arraignment. This argument was not made in Anderson's appellate brief and was apparently not raised in the district court. Accordingly, we decline to consider it.

"whether the district court abused its discretion in light of the purposes of the Act." 877 F.2d at 213. The district court plainly considered each of the statutory factors in determining whether to dismiss with prejudice. Even assuming for the sake of argument that the seriousness of Anderson's offenses should be discounted, we cannot say that the district court abused its discretion since application of the remaining factors listed in § 3162(a)(2) do not require dismissal with prejudice. See *Tunnessen,* 763 F.2d at 79. While it is disturbing that the Assistant United States Attorney in this case was unfamiliar with *Tunnessen,* which was decided in 1985, the district court concluded that there was "no bad faith on the part of the government." We expect, however, that prosecutors in the Northern District of New York will comply with *Tunnessen* in the future.

## C. Remaining Claims

 Appellant's remaining claims do not require extended discussion. Anderson asserts that the district court made the following erroneous evidentiary rulings: (1) the exclusion as hearsay of Anderson's testimony regarding the representations of the person from whom he had purchased the LSD; (2) the exclusion of testimony from his friend Terrence Russo concerning Anderson's expertise and interest in narcotics; and (3) the exclusion of Anderson's conclusion as to whether the substance he distributed was belladonna. Anderson contends that reversal is required because these allegedly erroneous rulings went to the heart of his defense, namely, that he did not know that the substance he distributed was LSD.

These contentions are without merit. We do not believe that the district court abused its broad discretion in ruling on the admissibility of this evidence, see *United States v. Aulet,* 618 F.2d 182, 191 (2d Cir. 1980). But, even if it did err, a fair reading of the record indicates that any error was harmless. See id. Anderson testified that the seller had identified the substance as "acid" and availed himself of a number of opportunities to forward his defense that he thought the LSD was bogus, a position

also articulated at length during the defense summation.

 Anderson finally contends that the prosecutor improperly vouched for the credibility of a narcotics agent who testified as a government witness. This claim is also unpersuasive. Anderson failed to object to the statement now challenged, and in any event, a reading of the statement in context reveals that the comments were innocuous.

The judgment of the district court is affirmed.