101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Fred M. ANDERSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2471.
 United States Court of Appeals, Second Circuit.
 March 25, 1996.
 
 APPEARING FOR APPELLANT: FRED ANDERSON, FCI FORT DIX, NJ, PRO SE
 APPEARING FOR APPELLEE: BERNARD J. MALONE, JR., ASSISTANT UNITED STATES ATTORNEY, NORTHERN DISTRICT OF NEW YORK
 N.D.N.Y.
 AFFIRMED.
 Before WALKER, Jr., McLAUGHLIN and LEVAL, Circuit Judges.
 
 
 1
 Petitioner-appellant Fred Anderson appeals from a March 11, 1995 judgment of the district court denying his motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6). In 1989 Anderson was convicted after a jury trial of four counts of possession with intent to distribute lysergic acid diethylamide ("LSD") in violation of 21 U.S.C. § 841(a)(1). He is currently serving four concurrent ten year prison terms. This court affirmed the conviction and sentence on direct appeal. United States v. Anderson, 902 F.2d 1105, cert. denied, 498 U.S. 867 (1990). On July 30, 1993, Anderson filed a petition under 28 U.S.C. § 2255 arguing that he was improperly sentenced as a career offender. See U.S.S.G. § 4B1.1. The district court denied the petition finding that the argument was procedurally barred because Anderson failed to raise it on direct appeal and did not demonstrate "cause" for the default.
 
 
 2
 On January 11, 1994, petitioner filed the instant Rule 60(b)(6) motion. We review the district court's denial of a Rule 60(b) motion for abuse of discretion. Branum v. Clark, 927 F.2d 698, 704 (2d Cir.1991). The district court's denial of the motion was not an abuse of discretion because the court had already fully considered petitioner's claim and determined that it was procedurally barred because Anderson did not demonstrate "cause" for his failure to raise the claim on direct appeal. Moreover, petitioner has failed to demonstrate any new ground justifying relief pursuant to Fed.R.Civ.P. 60(b)(6). See Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir.1986) (Rule 60(b)(6) relief available in extraordinary circumstances), cert. denied, 480 U.S. 908 (1987).
 
 
 3
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.