104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Robert WIENER, James Wiener, Richard Murphy, Michael Galati,
Luis Cueto, John Pinto, Serge Jean-Jacques,
Antonio DeJesus, Robert Humes, Joseph La
Rosa, Defendants,
Domenic PACIELLO, Reinaldo Roman, James Brogan, Defendants-Appellants.
 Nos. 95-1294, 95-1403, 95-1597.
 United States Court of Appeals, Second Circuit.
 Sept. 16, 1996.
 
 Appearing for Appellant Domenic Paciello: Anthony J. Servino, Servino & Seymour, White Plains, New York.
 Appearing for Appellant Reinaldo Roman: Loren I. Glassman, White Plains, New York.
 Appearing for Appellant James Brogan: Stuart Holtzman, Holtzman & Taikeff, New York, New York.
 Appearing for Appellee: Cynthia Keeffe Dunne, Assistant United States Attorney, S.D.N.Y., New York, New York.
 S.D.N.Y.
 AFFIRMED.
 Before WINTER, JACOBS, and CABRANES, Circuit Judges.
 
 
 1
 Domenic Paciello, Reinaldo Roman, and James Brogan appeal from their convictions and sentences after a jury trial before Judge Brieant. Each of the appellants is or was an employee and official of Local 32E, Service Employees International Union, AFL-CIO ("the union"). Paciello was convicted of unlawfully receiving money from an employer in violation of 29 U.S.C. § 186(b)(1), (a)(2), (d)(2), and was sentenced to six months imprisonment, one year of supervised release, a three thousand dollar fine and a twenty-five dollar special assessment. Roman and Brogan were convicted of unlawfully receiving money from an employer in violation of 29 U.S.C. § 186(b)(1), (a)(2), (d)(2) and of making a false statement to federal investigators in violation of 18 U.S.C. § 1001. The district court sentenced Roman to concurrent terms of six months imprisonment, two years supervised release, a four thousand dollar fine, and a special assessment of seventy-five dollars. Brogan was sentenced to concurrent terms of nine months imprisonment, two years supervised release, a four thousand dollar fine, and a special assessment of seventy-five dollars.
 
 
 2
 On appeal, each appellant argues that the district court improperly failed to instruct the jury to disregard any evidence of co-conspirator testimony after the sole conspiracy charge was dismissed from the case. Paciello and Brogan also argue that the third superseding indictment should have been struck for unnecessary delay, that the district court should have charged the jury to scrutinize accomplice testimony with great care, that the district court erred in using the term "guilt is personal" with respect to a pleading co-defendant, and that the district court erred in applying a U.S.S.G. § 3B1.3 abuse of trust enhancement during sentencing. Brogan and Roman argue that the evidence presented at trial was insufficient, that the district court improperly failed to exclude "other acts" testimony from the pre-1988 period after the conspiracy count was dismissed, and that their false statement convictions were subject to the "exculpatory no" defense. Finally, Paciello and Brogan raise additional issues regarding their sentencing. Paciello contends that the district court erred in not departing downward in light of his extraordinary family circumstances while Brogan argues that the district court should not have applied a U.S.S.G. § 3C1.1 obstruction of justice enhancement. We address these arguments in turn with the exception of Brogan's and Roman's claims based on the so-called "exculpatory no" doctrine, which we address in a published opinion, United States v. Wiener, --- F.3d ----, filed this day.
 
 
 3
 Appellants argue that after the conspiracy-to-bribe-union-officials charge was dismissed from the case, the district court should have instructed the jury not to consider hearsay testimony previously admitted under Federal Rule of Evidence 801(d)(2)(E) as statements by co-conspirators. Appellants have, however, waived this issue except with regard to a hearsay statement by Richard Murphy, a JRD Management Corporation "Christmas List," and a hearsay statement by Louis Lero, to which there were specific objections. While there had been a "standing objection" to co-conspirator hearsay testimony, Judge Brieant responded to the request for a further instruction by asking defense counsel to identify the particular statements involved. In failing to identify statements now ruled upon on appeal, appellants waived any objection because the failure to make a specific objection deprived the government of the opportunity to offer (and the court to rule on) reasons other than Rule 801(d)(2)(E) for the admission of the testimony. See United States v. Carson, 52 F.3d 1173, 1187 (2d Cir.1995) (Fed.R.Evid. 103 requirement that objections be timely and that specific ground be stated if ground not apparent from context is designed to bring objections to attention of court and opposing party at earliest possible time so as to alert court to proper course of action and enable opposing counsel to take proper corrective measures), cert. denied, 116 S.Ct. 934 (1996). With regard to the unwaived objections, the Murphy statement was admissible as a statement of intention, the "Christmas List" was admissible as a business record, and the Lero statement was harmless as a matter of law. Thus, while the defendants challenge other testimony on appeal, there is nothing in their argument to suggest plain error. See United States v. Viola, 35 F.3d 37, 41 (2d Cir.1994) (discussing plain error rule), cert. denied, 115 S.Ct. 1270 (1995).
 
 
 4
 Appellants Roman and Brogan challenge the district court's decision not to instruct the jury to ignore pre-1988 "bad acts" after the conspiracy count was dismissed. However, the jury was instructed that
 
 
 5
 [p]ayments or things of value accepted prior to November 30, 1988 cannot be a basis for a conviction in this trial, although you can consider evidence of any prior payments as bearing on the credibility of the witnesses testifying as to the mode or method, which they allegedly followed in connection with payments.
 
 
 6
 This instruction adequately narrowed the use to which the jury could put this information. (Even if the cautionary instruction was not deemed effective, the pre-1988 "bad acts" evidence was directly relevant to the false-statement counts against Roman and Brogan.)
 
 
 7
 Paciello argues (and Brogan adopts his argument) that the district court abused its discretion in not dismissing the third superseding indictment under Federal Rule of Criminal Procedure 48(b) for undue delay. This argument is meritless. First, appellants were on notice that the government intended to seek a superseding indictment if the defense succeeded in a pretrial motion to exclude evidence of illegal union payments beyond the limitations period. Second, after the third superseding indictment was issued, the defense and government stipulated that the defense would have an additional month to prepare its case, thereby minimizing prejudice to the defendant. Finally, the delay caused by the superseding indictment was not so long as to leave its clients in limbo for a legally impermissible length of time. Compare United States v. Upton, 921 F.Supp. 100 (E.D.N.Y.1995), aff'd sub nom. United States v. Dragone, 78 F.3d 65 (2d Cir.1996) (per curiam).
 
 
 8
 The government argues that Brogan and Paciello have waived their right to challenge the absence of a "special scrutiny/extra caution" charge to the jury with respect to accomplice testimony. We do not, however, read the colloquies cited by the government to indicate a clear waiver of objections to the accomplice witness charge. Nevertheless, any error in the failure to instruct the jury in this regard was clearly harmless on this record, given the documentary evidence of "Christmas lists" and the cumulative nature of the testimonial evidence.
 
 
 9
 With respect to Paciello's and Brogan's objection to the "guilt is personal" charge, we agree with the government that the inclusion of the phrase "guilt is personal" when describing a pleading witness's testimony is not error in the context of the jury charge given here.
 
 
 10
 We turn to Roman and Brogan's challenges to the sufficiency of the evidence. In considering such arguments, we must view the evidence in the light most favorable to the government, United States v. Amato, 15 F.3d 230, 235 (2d Cir.1994), drawing all inferences and resolving all issues of credibility in the prosecution's favor, United States v. Khan, 787 F.2d 28, 33-34 (2d Cir.1986). We will uphold a conviction if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We reject Roman's sufficiency challenge because there was more than sufficient evidence of the 1991 payment. At trial, the government introduced evidence that JRD Vice President Richard Murphy requisitioned cash from JRD's petty cash fund for payments to a Local 32 official in connection with a JRD-managed building at 590 East Third Street in Mount Vernon. The government had previously introduced testimony that it was JRD's practice to pay cash to the union delegate in charge of a particular contract. In 1991, the delegate for 590 East Third Street was Roman. Evaluating these facts in the light most favorable to the government, and taking into account the properly admitted evidence of JRD's payoff modus operandi, we affirm Roman's conviction.
 
 
 11
 We turn to Brogan's insufficiency challenge. Brogan relies principally on the testimony of Negron, who, when asked to identify Brogan both at a hearing out of the presence of the jury and, later, in the presence of the jury, indicated that the Brogan seated in the courtroom was not the Brogan to whom he had delivered cash in 1988. Negron subsequently clarified, however, that his inability to identify Brogan was because Brogan "looks too different now.... The Brogan that I met before was younger, definitely. Has the same height, the same kind of hair, but has a lot more hair, and was a lot skinnier. He wasn't like this." While Negron was unable to identify Brogan "for a fact" due to the passage of time and some change in physical appearance, a reasonable juror, viewing this testimony in light of the other evidence (in particular testimony indicating that Brogan had been ill around the time of his retirement on December 31, 1988), could have convicted beyond a reasonable doubt. Negron unequivocally testified that he had delivered a cash Christmas payment in 1988 to a Local 32E official named James Brogan. There is no evidence of another Local 32E official with that name. The jury was entitled to credit this testimony, and we therefore affirm Brogan's conviction on both the labor gratuity and false-statement counts.
 
 
 12
 Finally, Paciello's and Brogan's challenges to their sentences are meritless. Paciello and Brogan both suggest that the assessment of an abuse of trust enhancement was improper. They argue first that abuse of trust is necessarily part of the specific offense conduct taken into account by U.S.S.G. § 2E5.1, the guideline applicable to illegal receipt of payments by a union affiliate. We agree with the government, however, that abuse of a fiduciary plan position is specific conduct taken into account in § 2E5.1(b)(1) (not applied to appellants) and that the guidelines specifically contemplate application of an abuse of trust assessment unless there is an assessment under § 2E5.1(b)(1). See id. at Application Note 5. To the extent that Paciello and Brogan argue that the abuse of trust played no role in the offense, their argument is frivolous. An ability to affect union affairs on behalf of the gratuity-giver is at the very core of the illegal gratuity offenses, even if there is no specific quid pro quo at the time the gratuity was given. Brogan's final argument as to why the circumstances of his case do not merit an abuse of trust enhancement--because appellant Roman did not receive one as well--is unavailing. "A co-defendant's sentencing range is irrelevant in determining the defendant's sentence where there are differing circumstances," United States v. Leonard, 37 F.3d 32, 39 (2d Cir.1994), quoting United States v. Schular, 907 F.2d 294, 299 (2d Cir.1990). The record indicates that Roman's circumstances were indeed different from Brogan's. As the district court specifically found, Roman's was "a special case," because of Roman's lack of education and because, notwithstanding his job title, Brogan had significantly greater responsibilities than did Roman. As a result, Brogan's argument that he should receive the same treatment as Roman is meritless.
 
 
 13
 Second, Paciello may not appeal the district court's discretionary decision not to depart downward absent a showing that the district court was under the mistaken belief that it lacked authority to depart downward. See United States v. McGregor, 11 F.3d 1133, 1138 (2d Cir.1993). There is no such suggestion here, and Paciello may not raise this issue on appeal.
 
 
 14
 Finally, Brogan argues that because his alleged false statement is an exculpatory "no," Application Note 1 to U.S.S.G. § 3C1.1 prohibits a two-point increase in offense level for obstruction. This analysis, and Brogan's reliance on United States v. Johns, 27 F.3d 31 (2d Cir.1994), is misplaced. Brogan was convicted of a labor gratuity offense and of a false statement made during the investigation of that offense. These are two separate crimes, but the offenses were grouped as "closely related" counts. Application Note 6 to § 3C1.1 instructs that "[t]he offense level for [such a] group of closely related counts will be the offense level for the underlying offense increased by the 2-level adjustment specified by this section, or the offense level for the obstruction offense, whichever is greater." Application Note 1 and Johns simply do not deal with the situation in which a defendant is being sentenced for two already-committed offenses, one of which is a false statement.
 
 
 15
 We therefore affirm.