UNITED STATES of America,

v.

**Jesus Augusto RODRIGUEZ, Defendant.**

**No. 85 CR 59.**

United States District Court,
E.D. New York.

Sept. 12, 1985.

Raymond J. Dearie, U.S. Atty., Brooklyn, N.Y. (Ephraim Savitt, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for plaintiff.

Marion A. Seltzer, New York City, for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

The indictment charges that defendant conspired to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. He moves to dismiss on the ground that the trial has not been held within the time limits of the Speedy Trial Act (the Act), 18 U.S.C. §§ 3161–3174.

### I

Defendant has been in custody since his arrest on January 16, 1985. He was assigned an attorney from the Criminal Justice Act Panel. The government filed the indictment on January 25, 1985. On February 11, 1985 he and his attorney appeared before a judge for a status report. The judge set March 15, 1985 as the date for filing pretrial motions and March 29, 1985 as the date for jury selection. On March 14, 1985 defendant's attorney delivered to the government and the clerk's office a motion to obtain discovery and to suppress evidence.

On March 15, 1985 the judge held a status conference. Defendant, although in custody in the courthouse, was not present. His assigned counsel stated that he was about to begin a seven week criminal trial in another district. The judge said he had no objection to a postponement "but in order for my record, I need your defendant to sign a waiver on this speedy trial issue." Defendant's counsel then said: "Wouldn't this be excludable time anyway in that I filed a motion?" Turning to the Assistant United States Attorney, the judge asked "Is that acceptable to you?" The Assistant United States Attorney replied that the time would be excludable because of the pending motion "which immediately triggers excludable delay under the Speedy Trial Act and because of the unavailability of counsel." The judge concluded "So, we won't need the defendant." On ascertaining that defendant's counsel hoped to finish his other trial by the week of April 29, 1985, the judge set a status conference for May 13, 1985.

For reasons that do not appear of record no conference took place on that date. The other trial of defendant's counsel ended on May 23, 1985, and the judge held a status conference on June 5, 1985 at defense counsel's request so that the court might apprise defendant "in court as to the reason for the adjournments already taken," "enter an order of judicial delay as a result of my unavailability," and determine whether defendant was "satisfied with my representation," as to which counsel said there had been some complaint.

On being asked if he wished new counsel defendant replied "[n]o, no," and "[h]e's doing a very good job." In response to the judge's query, defense counsel confirmed that "[a]ll this has been excludable time" because of the pendency of the motion.

The judge then said he would not handle the case unless it were tried at the Uniondale courthouse and unless defendant waived his rights to object to a jury panel to be drawn in Uniondale no earlier than July 12, 1985. Defendant's counsel, concluding that there would be "speedier progress" in Brooklyn, agreed, with his client's acquiescence, that the case should be reassigned to a judge sitting in Brooklyn. The Assistant United States Attorney also consented.

The case was reassigned to this judge on June 10, 1985 by random selection. The government made no response to the pretrial motion and no effort to bring it on for a hearing or to take other action to bring to trial a case the government believed would last no more than a day. By July 2, 1985 defendant, evidently disturbed by the delay in the disposition of his case, had retained different counsel who on that date made the present motion to dismiss.

Under the Act the trial of a defendant must generally commence within seventy days from the filing date of the indictment or the date of defendant's first appearance before a federal officer of the court, whichever is later. 18 U.S.C. § 3161(c)(1). As of July 2, 1985 the seventy days had long since expired, and the chief question is whether there are periods of excludable delay under 18 U.S.C. § 3161(h) that make the unexcludable delay to that date seventy days or less.

## II

The government urges that the period from March 15, 1985 onward is excludable as serving the "ends of justice" within the meaning of 18 U.S.C. § 3161(h)(8). This subsection excludes delay resulting from a continuance if the court grants it on the basis of its "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" and sets forth in the record "its reasons" for so finding.

The subsection also provides that in determining whether to grant a continuance the court shall consider, among other things, whether the failure to grant the continuance (1) would deny the defendant "reasonable time to obtain counsel," or (2) "unreasonably" deny him "continuity of counsel," or (3) would deny his counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

■ A court may only rarely grant this exclusion. *See United States v. Tunnessen,* 763 F.2d 74, 76 (2d Cir.1985). Moreover, a condition of the grant is that the court address the above concerns, determine that the need for a continuance outweighs the interests of the public and the defendant in a speedy trial, and set forth the reasons for the determination. *Id.* at 76–77. The requirement that the court state those reasons on the record gives assurance that the court in fact weighed all the relevant matters and provides the appellate court with a record to review the adequacy of the stated reasons. *Id.* at 77. *See also United States v. Brooks,* 697 F.2d 517, 520 (3d Cir.1982), *cert. denied,* 460 U.S. 1073, 103 S.Ct. 1531, 75 L.Ed.2d 952 (1983).

■ There is no indication in the transcript of the March 15, 1985 status conference that the judge balanced the pertinent concerns. The record affirmatively establishes that he made no statement of reasons why a delay might outweigh the interest in a speedy trial. The attorneys for both parties simply assumed that with the filing of the pretrial motion, which triggered a period of excludable delay, there was no need to focus on the "ends of justice" exclusion. The judge apparently then made the same assumption. The government did not urge him on March 15, 1985 to consider whether it would be in defendant's interest to have new and available counsel assigned to him rather than await for a long time the trial of a one day case. Nor did the government suggest that the judge make the prerequisite findings or state his reasons on the record.

The government says that defendant's comments at the June 5, 1985 status con-

ference show that he "understood perfectly" the reasons for the delay. The implication is that he waived his speedy trial rights. Assuming *arguendo* that the defendant could then waive the Act's time limits, the court holds that something far more explicit than defendant's remarks here would be required.

Even if the time during which assigned counsel was unavailable because of his other engagement were to be excluded, there would be no compliance with the seventy day limit. As noted, the filing of the indictment was on January 25, 1985. Forty seven days elapsed before defense counsel served the pretrial motion. His other trial ended on May 23, 1985. Thirty nine days elapsed between that date and July 2, 1985, when defendant's new counsel made the present motion. Thus, there was a delay of a total of eighty six days which are in any event not excludable.

### III

■ The court must also decide whether the entire time is excludable from March 14 to July 2, 1985 under subsection 18 U.S.C. § 3161(h)(1)(F). This subsection excludes any period of delay "... resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

A period of excludable delay began when the pretrial motion was filed. But that period includes only the time "reasonably necessary" to conclude a hearing or to submit the matter to the court. *United States v. Cobb*, 697 F.2d 38, 44 (2d Cir.1982). Plainly the subsection did not contemplate that a trial could be delayed by indefinitely postponing the processing of motions. *Id.*

While the government did not respond formally to the motion, the attorneys appear to have assumed on March 15, 1985 that the government opposed. Thus the delay in hearing the motion from that time until at least May 23, 1985 was attributable to assigned counsel's unavailability.

■ Although there appear to be no published opinions on the point, this court holds that, where the delay in hearing a pretrial motion is due to the asserted unavailability of defense counsel, the court may not deem such a delay reasonably necessary under 18 U.S.C. § 3161(h)(1)(F) unless it focuses in advance on the same factors and makes the same findings and statement of reasons as are required under 18 U.S.C. § 3161(h)(8), discussed above. To adopt a less strict standard for subsection (h)(1)(F) would be to invite frustration of the objectives of subsection (h)(8).

As already noted, on March 15, 1985 the judge neither made the needed findings nor stated any reasons why the ends of justice served by a delay would outweigh the interest of the public and defendant in a speedy trial. Thus the time from that date through May 23, 1985 was not reasonably necessary to bring the motion to a hearing. In light of this conclusion the court need not decide whether, had that time been excludable, a delay from May 23, 1985 until July 2, 1985 would have been reasonably necessary even though the hearing on the motion admittedly would have occupied less than three hours.

### IV

■ There remains the question whether the court should dismiss the indictment with or without prejudice. Under 18 U.S.C. § 3162(a)(2) the court should consider three factors, namely, "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."

Addressing the first factor, the court finds the offense charged to be serious, even though the cocaine held by defendant may have been the relatively small amount that his present counsel claims. Therefore a minor delay would not justify dismissal with prejudice. *United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir.1984). But here the delay has been so lengthy as to

neutralize the seriousness of the offense. *Id.*

In evaluating the third factor the court concludes that reprosecution would further the public interest in the light of the serious nature of the offense and despite widespread scepticism of the deterrent effect of prosecutions of persons such as defendant. On the other hand a dismissal without prejudice would frustrate the purpose of the Act to bring criminals to justice quickly. *See United States v. Caparella,* 716 F.2d 976, 981 (2d Cir.1983). These competing considerations fairly balance out.

The facts and circumstances of the case persuade the court to order dismissal with prejudice. Defendant has been in custody since January 16, 1985. He is an alien who speaks Spanish but apparently little if any English. The Magistrate assigned as counsel an attorney who spoke no Spanish and who, so far as the record shows, did not inform defendant on or prior to March 15, 1985 that counsel would be unavailable for a lengthy period. The government estimated defendant's trial would last "all of a day." Although defendant was in the pen in the courthouse on March 15, 1985 he was not produced for the status conference during which the judge postponed for a lengthy period the hearing on the motion. The government did nothing after that date to expedite the hearing of a motion estimated to last less than three hours or to bring this short case to trial.

The government has the obligation to insure the speedy prosecution of criminal charges. *See United States v. Bufalino,* 683 F.2d 639, 646 (2d Cir.1982), *cert. denied,* 459 U.S. 1104, 103 S.Ct. 727, 74 L.Ed.2d 952 (1983). It did not fulfill that obligation. There is merit to the comment of defendant's present counsel that defendant found himself in a strange country, speaking an alien tongue, and at the bottom of the list of priorities in the prosecution of criminal justice.

## V

The court need not reach the constitutional issues raised by defense counsel.

The indictment is dismissed with prejudice. So ordered.