**UNITED STATES of America**

v.

**John MAPP and Kevin Moore, Defendants.**

**95 CR 1162 (FB) (S–1).**

United States District Court, E.D. New York.

Nov. 4, 1996.

---

Zachary W. Carter, United States Attorney by Kenneth P. Thompson, Assistant United States Attorney, Brooklyn, NY, for the U.S.

George Sheinberg, Brooklyn, NY, for Defendant Mapp.

Bobbi C. Sternheim, Rochman, Platzer, Fallick & Sternheim, New York City, for Defendant Moore.

## MEMORANDUM AND ORDER

BLOCK, District Judge:

On September 16, 1996, a jury returned a verdict against the defendant John Mapp ("Mapp"), finding him guilty on Counts One through Three of the eleven-count superseding indictment.[1] The jury was unable to return a verdict with respect to Mapp on the remaining eight counts, and thus, a mistrial was declared on those counts. Sentencing was scheduled to proceed on December 16, 1996. At a status conference held on No-

vember 1, 1996, the government represented that it would not dismiss the open counts until the Court sentenced Mapp and the government had an opportunity to review such sentence. The government indicated that if the Court upwardly departs based on the criminal conduct for which Mapp was charged but not convicted, it will drop the open counts. Because the Speedy Trial Act requires retrial to commence within seventy days of a court's declaration of a mistrial, see 18 U.S.C. § 3161(e), the government moved to exclude the speedy trial time on the open counts from November 1, 1996 to the date of sentencing. For the reasons that follow, the government's motion is granted.

▮ The instant motion is made pursuant to 18 U.S.C. § 3161(h)(8)(A), which provides for the exclusion of time from the Speedy Trial clock when the ends of justice served by a continuance "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).[2] In essence, the government's request is two-fold: (1) a continuance of the trial on the open counts until the date of sentencing; and (2) the exclusion of speedy trial time during such continuance because the grant of the continuance would serve the ends of justice. Subsection (h)(8)(B) sets forth a "nonexclusive list of factors for the court to consider" in deciding whether to grant a continuance under the ends of justice exclusion, none of which are applicable here.[3] *United States v.*

1. Mapp was tried with a co-defendant, Kevin Moore ("Moore"), who was named in Counts Nine through Eleven of the superseding indictment. The jury found Moore guilty on Counts Nine and Ten, but was unable to reach a verdict on Count Eleven. Although one count remains open with respect to Moore, the government has not moved, at this time, to stop the Speedy Trial clock on that count.

2. Section 3161(h)(8)(A) provides: (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence: ... (8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action

outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

3. Section 3161(h)(8)(B) provides: The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows: (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of

*Tunnessen*, 763 F.2d 74, 76–77 (2d Cir.1985); *see United States v. Scarpa*, No. CR–87–0760, 1988 WL 8606, *1 (E.D.N.Y. Jan. 15, 1988) (Glasser, J.) ("The factors listed are not exclusive."); *United States v. Bou*, No. 85 Cr. 1165, 1986 WL 4081, *1 (S.D.N.Y. March 28, 1986) ("Subsection (h)(8)(B) makes clear that the Court is not limited to [the factors set forth in that section].").

Although the parties were unable to point to any case applying an ends of justice exclusion to the instant situation, and the Court acknowledges a dearth of caselaw on this subject, the Court's independent research revealed one case dealing with a closely analogous, if not identical, situation. In *United States v. Levasseur*, 635 F.Supp. 251, 252 (E.D.N.Y.1986) (Glasser, J.), the court was faced with the aftermath of a trial in which the jury returned a partial verdict—convicting on some counts, but unable to reach a verdict on the other counts. The government, as here, did not wish to proceed immediately with the retrial on the open counts. Rather, it wished to wait until the appeals on the counts for which a verdict had been returned were affirmed. If those convictions were affirmed, the government represented that it would dismiss the open counts. However, if the convictions were reversed, the government indicated it would reprosecute the defendants on the open counts and on any or all counts as to which the convictions were reversed. Accordingly, the government moved for an order excluding the speedy trial time on the open counts, pending decision on the defendants' appeals.

Noting that the government's motion "appear[ed] to present a question of novel impression," and that "none of th[e] factors [listed in 3161(h)(8) ] appeared applicable," Judge Glasser nonetheless set forth a persuasive argument for granting the motion.

novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section. (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are un-

*Levasseur*, 635 F.Supp. at 252. In determining whether the exclusion would be in the interest of justice, the court reviewed a line of cases which suggested that "a mechanical adherence to time limits would not serve the interests of [the] defendant, the government, courts, or society." *Id.* at 254 (citation omitted). Moreover, the court noted that the defendants would not be prejudiced by a postponement in their retrial:

> [T]he Government has represented in open court and in the memorandum in support of their motion ... that they will not pursue the open counts given an affirmance by the Court of Appeals. The defendants clearly would benefit should that prove to be the case and will have lost nothing should it not. If the convictions are reversed, there will have been no needless complex and protracted second trial which might also result in a reversal based on the Second Circuit's decision. The defendants have not claimed, nor can they, that a relatively brief delay would make inaccessible to them either witnesses or evidence or would prejudice them in any other way.

*Id.* at 254–55. Finally, the court focused on the purpose of the Speedy Trial Act, which "was not established primarily to safeguard the defendant's rights, but to serve the public interest in the prompt adjudication of criminal cases." *Id.* at 255. The court concluded that "[n]either the public interest, nor the courts, nor society would be served by a lengthy trial which might prove to be unnecessary." *Id.*

Although there are differences between the facts here and those in *Levasseur*, (e.g., the request here is for a continuance and Speedy Trial exclusion pending sentence as opposed to pending a decision on appeal), the same general analysis justifies application of 3161(h)(8)(A). As in *Levasseur*, there can be no claim that Mapp would be prejudiced by

usual or complex. (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

an additional one or two-month delay in retrial. The same witnesses and evidence available for trial in November 1996 will most probably be available in January 1997. More importantly, it may be a significant waste of judicial resources to retry the open counts prior to Mapp's sentencing. As in *Levasseur*, in which the government represented that it would dismiss the open counts if the convictions on the other counts were affirmed, the government has here represented that it would dismiss the open counts if the Court upwardly departs based on the conduct charged in the open counts.[4] Thus, depending on the Court's decision with respect to Mapp's sentence, there may not be a need for a retrial.

 Moreover, Mapp has nothing to gain from a retrial prior to the imposition of sentence. Even if he is acquitted on the open counts, the government may still move for an upward departure at his sentencing based on the conduct alleged in those counts. Such a departure is proper if it is reasonable—a standard that varies depending on the weight of the evidence supporting the upward departure and the degree of the departure. *See United States v. Gigante*, 94 F.3d 53, 57 (2d Cir.1996) ("In considering the reasonableness of a departure, sentencing appellate courts should take the weight of the evidence into account. The reasonableness of substantial upward departures will depend in part on the standard of proof by which the conduct warranting the departure is established.").

For these reasons I find that the ends of justice to be served by granting a continuance and stopping the Speedy Trial clock until the date of sentencing far outweigh the best interest of the public and the defendant in a speedier trial. Accordingly, the government's motion is granted and the Speedy Trial clock tolled until sentencing with respect to the open counts against Mapp.

**SO ORDERED.**

---

**4.** The Court will, of course, sentence Mapp the same way regardless of whether or not it grants the instant motion, or whether or not the government will drop the open counts following sentence. The Court's evaluation of whether an upward departure is warranted must be independent of any consideration about the need for a retrial.