**UNITED STATES of America, Appellee,**

v.

**Thomas AQUINO, Defendant–Appellant.**

**No. 00–1153.**

United States Court of Appeals, Second Circuit.

Jan. 5, 2001.

confusion about dual filing. A copy of this order will be sent to the NYSDHR and the EEOC.

David A. Lewis, Legal Aid Society, New York, NY, for defendant-appellant.

Douglas E. Gregory, Assistant United States Attorney; Denise E. O'Donnell, United States Attorney for the Western District of New York, Bradley E. Tyler, Assistant United States Attorney, on the brief, Rochester, NY, for appellee.

Present POOLER, SACK, Circuit Judges, and MARTIN,* District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's conviction on Count II for possession of ammunition by a convicted felon is hereby VACATED AND DISMISSED and the judgment of the District Court is REMANDED to the district court.

Aquino appeals from the February 14, 2000, judgment of the United States District Court for the Western District of New York (Larimer, *J.*) convicting him after a jury trial on three charges: possession of a firearm by a convicted felon and possession of ammunition by a convicted felon, both in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). The district court sentenced Aquino on February 11, 2000, to 84 months imprisonment, three years supervised release, $500 fine and $300 special assessment.

First, Aquino argues that he suffered a violation of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. Although defendant takes issue with nearly every speedy trial calculation that the government offered, his

---

* John S. Martin, Jr., United States District Court Judge for the Southern District of New York, sitting by designation.

principal contention is that the magistrate judge improperly excluded 67 days while a suppression motion was pending before him. After conducting a hearing and oral argument, the parties submitted briefs on defendant's motion on June 15, 1999. Pursuant to Section 3161(h)(1)(J), up to 30 days could be excluded from the speedy trial clock while the magistrate judge considered and decided the motion. The magistrate judge did not render a report and recommendation within 30 days but instead issued three orders, dated July 15, 1999, August 13, 1999, and September 15, 1999, extending the time for decision by 31 days, 31 days, and 5 days, respectively. The magistrate judge's orders cited Section 3161(h)(8)(A) as a basis for the continuances and invited objections if counsel disagreed with the stopping of the speedy trial clock. Defendant did not object to the orders at the time the magistrate judge filed them but did move before the district court for dismissal on speedy trial grounds in his pretrial submissions dated October 7, 1999. On September 23, 1999, the magistrate judge issued a report and recommendation to the district court advising denial of defendant's motion. After receiving defendant's objections on October 4, 1999, Judge Larimer adopted the report and recommendation on October 14, 1999.

Aquino contends that the magistrate judge's actions with respect to the speedy trial clock were improper because the motion before him was simple, easily resolved, and did not fall within the ambit of complex cases. Defendant claims that the repeated extensions were unrelated to the needs of the pending suppression motion and concerned the court's management of its own clogged calendar. Aquino argues that Magistrate Judge Bauer's order constituted pro forma adherence to the rule without the required substantive balancing of interests. He asserts that the suppression motions did not involve "several and myriad issues," but relatively few issues, the resolution of which "was easy and almost entirely free of doubt" under Second Circuit precedent.

■ We review the district court's legal conclusions with respect to compliance with the Speedy Trial Act *de novo*. *See United States v. Paredes–Batista*, 140 F.3d 367, 374 (2d Cir.1998). But we review for abuse of discretion a district court's determination that the ends of justice require a continuance under Section 3161(h)(1)(8)(A). *See United States v. Jones*, 91 F.3d 5, 8 (2d Cir.1996); *see also United States v. Beech–Nut Nutrition Corp.*, 871 F.2d 1181, 1198 (2d Cir.1989). The act does not permit unlimited delays, "and the trial court has the responsibility to ensure that the length of an excludable continuance is reasonably related to the needs of the case." *Beech–Nut Nutrition Corp.*, 871 F.2d at 1197. If a court cannot decide a pending motion within the 30 days that Section 3161(h)(1)(J) provides, "it is always open to him to find that the interest of justice is best served by granting a continuance under § 3161(h)(8) for the excess period." *United States v. Bufalino*, 683 F.2d 639, 645 (2d Cir.1982). We have held that the court has flexibility in excluding time under Section 3161(h)(8), but it must give reasons for the exclusion in order to prevent abuse. *See United States v. Tunnessen*, 763 F.2d 74, 76 (2d Cir.1985).

■ Our review of the record shows that the magistrate judge's actions were appropriate within the Speedy Trial Act. Although the three orders were brief, they were not open-ended and they provided clear reasons for the delay. *See id.* at 78. We have cautioned that the "ends of justice" exclusion of Section 3161(h)(8)(A) should be "rarely used," *id.* at 76 (quoting S.Rep. No. 1021, 93rd Cong., 2d Sess., 21

(1974)), and may not be "used either as a calendar control device or as a means of circumventing the requirements of the Speedy Trial Act." *United States v. Lo-Franco*, 818 F.2d 276, 277 (2d Cir.1987) (*per curiam*). An exclusion is proper only "on the basis of [the district court's finding] that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Moreover, "[t]he length of an exclusion for complexity must be not only limited in time, but also reasonably related to the actual needs of the case." *United States v. Gambino*, 59 F.3d 353, 358 (2d Cir.1995). However, a district court need not conclude that a case is "complex" under Section 3161(h)(8)(B)(ii) in order to justify its finding that the ends of justice served by granting the continuance outweighed the best interests of defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(8)(A); *see also Tunnessen*, 763 F.2d at 76–77 (holding that subsection (h)(8)(B) is a "nonexclusive" list of factors for the court to consider).

We do not think that the magistrate judge sidestepped the restrictions of the Speedy Trial Act by invoking Section 3161(h)(8)(A) without engaging in the good faith balancing of interests required by that provision. Aquino's suppression motions were extensively briefed and argued at two hearings, the second of which yielded a transcript of more than ninety pages. Magistrate Judge Bauer gave the motions careful consideration, informed the parties that they still were under advisement, did not grant himself "indefinite delay," *Beech–Nut Nutrition Corp.*, 871 F.2d at 1198, and placed on the record his view that, because the motions raised difficult issues, the interests of justice required that he devote more time to considering them. There is no reason in the record to doubt that he viewed the motions as complex or that the motions were under active consideration during the period of delay.

Even more compelling to us, however, is the fact that defense counsel raised no objection at the time that the magistrate judge entered the exclusion orders even though each order specifically noted the need for a timely objection. In *Gambino* we agreed with several other circuits that "when defendant's conduct causes or contributes to a period of delay, that time may be excluded from the running of the speedy trial clock." *Gambino*, 59 F.3d at 360. Here, defense counsel's conduct clearly contributed to the delay in bringing the defendant to trial. If defense counsel had objected at the time that the first exclusion order was entered, the magistrate judge either could have made additional findings justifying the exclusion or expedited the filing of the opinion. At that point there was more than adequate time remaining on the speedy trial clock to bring defendant to trial. Because the defendant's conduct in failing to accept the district court's invitation for speedy trial objections contributed to the period of delay of which he now complains, we will not consider that claim on appeal. Because we find no violation in the magistrate judge's exclusion of 67 days, we do not address defendant's remaining arguments regarding speedy trial clock calculations.

Second, Aquino states that he is entitled to pursue a claim for ineffective assistance of trial counsel but that the present record is inadequate. Defendant requests a remand to the district court to develop the record and rule on his ineffective assistance claim. In the alternative, defendant asks that we dismiss the claim without prejudice to its renewal during the course of habeas corpus proceedings pursuant to 28 U.S.C. § 2255. The government does not object to the latter disposition. Aquino's ineffectiveness claims concern fairly

simple trial matters that the district court, having heard the evidence, is in a good position to resolve. We have expressed a slight preference for remands in light of recent changes in federal habeas corpus law, *see United States v. Leone*, 215 F.3d 253, 256 (2d Cir.2000), and as explained below, a remand is necessary in this case for other reasons. We therefore remand the ineffectiveness claim to the district court for necessary fact-finding and decision.

Third, Aquino argues that we must dismiss his conviction for possession of ammunition by a convicted felon, because a defendant cannot be charged both for possession of the firearm and the ammunition in the firearm. Count II of the indictment concerned the ammunition contained in the firearm that · is the subject of Count I, which charged possession of a firearm by a convicted felon. The government concedes that convictions for both crimes under these circumstances was plain error. *See United States v. Pelusio*, 725 F.2d 161, 168–69 (2d Cir.1983). We accordingly vacate and dismiss defendant's conviction on Count II. We remand this matter to the district court for re-sentencing in light of the dismissal.

We have considered all of defendant-appellant's remaining arguments and find them to be without merit.