**UNITED STATES of America,**
**Appellee,**

v.

**Donna M. MICELI, Defendant–**
**Appellant.**

**Docket No. 00–1611.**

United States Court of Appeals,
Second Circuit.

April 12, 2001.

David Rothenberg, Geiger & Rothenberg, Rochester, NY, for appellant.

Richard A. Resnick, Ass't U.S. Att'y, WDNY, Rochester, NY, for appellee.

Present KEARSE, CABRANES and KATZMANN, Circuit Judges.

## SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Western District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Donna M. Miceli appeals from a judgment entered in the United States District Court for the Western District of New York following a jury trial before Charles J. Siragusa, *Judge,* convicting her of making false oral and written statements to the Internal Revenue Service ("IRS"), in violation of 18 U.S.C. § 1001, and sentencing her principally to 30 months' imprisonment, to be followed by a three-year period of supervised release. On appeal, Miceli argues principally that she was denied effective assistance of counsel because her attorney failed to move to dismiss the charges against her on Speedy Trial Act grounds. She also challenges her sentence. Finding no merit in her contentions, we affirm.

In order to establish ineffective assistance of counsel, a defendant has the burden of showing (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for

the deficiency, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to fall below that standard of reasonableness, counsel's performance must fail to meet "prevailing professional norms." *Id.* at 688. "A reasonable probability is a probability sufficient to undermine confidence in the [trial's] outcome," *id.* at 694; a defendant "need not show that counsel's deficient conduct more likely than not altered the outcome of the case." *Id.* at 693. In claiming ineffective assistance by reason of her attorney's failure to move to dismiss on the ground that the district court failed to make the requisite findings for a continuance under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, Miceli has not carried her burden on either prong of the *Strickland* test.

■ First, it seems unlikely that a motion to dismiss on Speedy Trial Act grounds would have been successful. Although in *United States v. Tunnessen*, 763 F.2d 74 (2d Cir.1985), this Court noted with respect to an ends-of-justice continuance under 18 U.S.C. § 3161(h)(8)(A) that district courts are required to make findings on the record, prior to the continuance, showing a balancing of the relevant interests, *see* 763 F.2d at 77–78, we have also held that the court's express discussions with the parties of its concern for compliance with the Speedy Trial Act may provide sufficient findings, *see United States v. Breen*, 243 F.3d 591 (2d Cir.2001). Here, as in *Breen*, the district judge expressly discussed the Speedy Trial Act requirements with the parties, and it granted a continuance at the request of Miceli's codefendant, and with the consent of Miceli. In light of *Breen*, it hardly seems that counsel's failure to move to dismiss on Speedy Trial Act grounds fell

below an objective standard of reasonableness.

Second, given the court's discussion of the Speedy Trial Act with the parties and given Miceli's consent to the continuance, Miceli has not shown a reasonable probability that the outcome of her case would have been any different had counsel moved to dismiss on the ground that the court failed to comply with that Act. She has proffered no reason to believe (a) that the court would have granted such a motion to dismiss, or (b) if the court granted such a motion, that it would have ordered that the dismissal be with prejudice, or (c) if the court dismissed without prejudice, that the government would have failed to reindict her, or (d) that after being reindicted following such a dismissal, which had no bearing on the substance of the charges against her or the evidence to support them, she would have been acquitted rather than convicted.

■ Miceli also challenges the calculation of her sentence under the Sentencing Guidelines ("Guidelines"), contending that the district court erred (a) in denying her a downward adjustment pursuant to § 3B1.2(b) on the ground that she was a minor participant in the tax fraud, and (b) in adjusting her offense level upward pursuant to § 3C1.1 for obstruction of justice. These contentions have no merit. With respect to her role, the court found, *inter alia*, that Miceli was part-owner of the corporation that was the subject of the IRS investigation, that she took an active role in her own finances and those of the corporation, and that she was not simply a "passive … participant" in the offenses but, rather, "more accurately was a major player." With respect to the obstruction adjustment, the court found that clear and convincing evidence showed that at trial Miceli gave "false testimony concerning a material matter and did so with intent to

provide false testimony, rather than as a result of confusion, mistake or faulty memory." We see no basis for reversal of either ruling, as the court's findings of fact are not clearly erroneous, *see* 18 U.S.C. § 3742(e), and its application of the Guidelines to the facts is entitled to deference, *see id.*

We have considered all of Miceli's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.