*113 POOLER, Circuit Judge:
I respectfully dissent, because I think it error to conclude that Section 3161(e) permits a district court to retroactively grant continuances for re-trial. The text of Section 3161(e) is silent on the issue of when a district court may identify the factors that make trial within 70 days impractical. However, our Court’s speedy trial jurisprudence provides us with a framework that informs the analysis and requires finding Section 3161(e) continuances be granted prospectively.
When a defendant is to be retried following a successful appeal, the Speedy Trial Act (the “Act”) provides that:
the trial shall commence within seventy days from the date the action occasioning the retrial becomes final ... except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical.
18 U.S.C. § 3161(e). The purpose of the Act is to both protect “the defendant from undue delay in his or her trial” and to “benefit society by ensuring a quick resolution of criminal trials.” United States v. Kelly, 45 F.3d 45, 47 (2d Cir.1995).
The Act sets forth a different set of considerations for granting continuances when a defendant is first tried. Some exclusions are counted without the need for judicial intervention, such as the delay from filing a pretrial motion. See 18 U.S.C. §§ 3161(h)(l)-(h)(6). Other types of exclusions require judicial findings to take effect, such as a continuance granted to serve the “ends of justice.” See 18 U.S.C. § 3161(h)(8)(A) (re-codified at Section 3161(h)(7)(A)). An ends-of-justice exclusion is valid only if the district court “sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant . in a speedy trial.” 18 U.S.C. § 3161(h)(8)(A).
The seminal ends-of-justice continuance case in this Circuit is United States v. Tunnessen, 763 F.2d 74 (2d Cir.1985). Tunnessen holds that ends-of-justice continuances may only be granted prospectively. Id. at 76-77. Our Court found the language of statute required that “an order granting a continuance on that ground must be made at the outset of the excludable period.” Id. A district court need not enter “the precise reasons for the decision,” “on the record at the time the continuance is granted,” because “[a] A prospective statement that time will be excluded based on the ends of justice serves to assure the reviewing court that the required balancing was done at the outset.” Id. at 78. In addition to the statutory language, we set out several critical goals served by a prospective grant: (1) “[a] prospective statement that time will be excluded based on the ends of justice serves to assure the reviewing court that the required balancing was done at the outset;” (2) “it puts defense counsel on notice that the speedy trial clock has been stopped,” and (3) avoids “the risk that a district judge in a particular case may simply rationalize his action long after the fact, in order to cure an unwitting violation of the Act.” Id. at 78.
We affirmed our holding in Tunnessen in United States v. Kelly, 45 F.3d 45 (2d Cir.1995). There, we found the Act violated where the district court granted a continuance, but articulated only grounds related to the scheduling considerations of counsel, with no reference at all to speedy *114 trial concerns. Id. at 47. We held that it was:
apparent that the district court’s nunc pro tunc “ends of justice” finding was ineffective to toll the speedy trial clock. This is not, as the government contends, a case where defense counsel misled or ambushed the court. Rather, the record reflects that an adjournment was granted to accommodate the trial schedules of both counsel and the court, precisely the type of circumstance that triggers the requirement of Tunnessen that a contemporaneous ends-of-justice finding be made on the record. We therefore reaffirm our ruling in Tunnessen by holding that the district court’s retroactive finding that the May 26, 1992 continuance was granted to further the ends of justice was ineffective to create excludable time.
Id. at 47.
The majority’s conclusion that a Section 3161(e) extension “may be granted even after the initially specified 70-day period for retrial has passed” fails to adequately address these concerns. Maj. Op. at 102. The majority ignores the benefit to all parties of notice that the “speedy trial clock has been stopped.” Tunnessen, 763 F.2d at 78. Retroactive application of Section 3161(e), like retroactive application of Section 3161(h)(8), is inconsistent with the purposes of the Act because it deprives the parties of notice that an extension is being given. Without notice, the parties are unable to object to the extension in a timely fashion and make a record of that objection. Id. Lack of notice can never be cured.
While a set 180-day period may not pose the same danger as an open-ended extension under Section 3161(h)(8), it is not without dangers of its own. There is still a substantial risk that “a district judge may ... simply rationalize his action long after the fact,” Tunnessen, 763 F.2d at 78. We need not assume, as the majority does, that a district court judge acts in bad faith simply by engaging in post-hoc reasoning. Indeed, here we can assume the district court both acted in good faith and engaged in egregious post-hoc rationalization of its actions. Judge Bianco, who inherited this case after our Court granted a writ of mandamus removing Judge Platt, found that Judge Platt “implicitly” granted an excludable continuance. United States v. Shellef, 756 F.Supp.2d 280, 291-92 (E.D.N.Y.2011). However, the record before our Court amply demonstrates that Judge Platt was operating under the mistaken impression that the speedy trial clock had not yet started ticking because the defendants had not been re-indicted. Judge Platt agreed with Shellefs counsel that defendants needed to be re-indicted before proceeding with re-trial:
[Counsel]: It seems to me that if [the government’s attorney] is talking about if, as he puts it, creating three new indictments, I think he has to go back to the grand jury, and we would not waive that.
[Court]: My stomach says you are right.
Later in the same proceeding, in response to the government’s assertion that it would try and schedule time with the grand jury soon, the district court stated, “[y]ou should do it promptly, because I don’t know what — well, you get a new indictment and the ball game starts with the new indictment as far as the speedy trial.” A few moments later, the district court again indicated new indictments would start the speedy trial clock anew. Finally, the district court flatly stated “[w]e’ll start the clock measuring from the date they get arraigned on the new indictment or indictments .... ”
Even after Shellef moved to dismiss for speedy trial violations, and even after con- *115 eluding that it had ordered an ends-of-justice exclusion at the April 2008 hearing, the district court stated Shellefs motion was “premature” because the indictments were no longer operative:
The fact is that the government unquestionably needs time to determine how best to try two separate defendants for their specific offenses which, in light of the Court of Appeals finding of misjoin-der, necessarily means that the defendants are not currently facing any charges. Accordingly, any accusations of speedy trial violations would logically appear to be premature. If, as and when one or more of the indictments is returned, this Court will entertain Speedy Trial Act motions.
Judge Bianco found that Judge Platt: implicitly extended the time under Section 3161(e) from seventy days to 180 days, as he is permitted to do, because it was impractical for the case to be tried within the seventy-day period (triggered on March 4, 2008) for the reasons identified in detail on the record at the April 10, 2008 conference — namely, (1) the belief by the court and defense counsel that the government needed to re-indict the case in order to comply with the Second Circuit’s mandate that certain counts be severed for purposes of retrial; (2) the possibility that the government would present new evidence at the re-trial; (3) the parties’ agreement that the case was complex; and (4) the parties’ discussion with the court of a potential trial date well beyond the seventy-day period. Although it is unclear whether Judge Platt was aware of Section 3161(e) and he did not explicitly extend the applicable seventy-day period under that Section 3161 at that conference, this Court concludes, as discussed in detail below, that no explicit finding is required under the plain language of the Speedy Trial Act to extend the time under Section 3161(e).
Shellef, 756 F.Supp.2d at 291-92.
Finding a different district court judge who explicitly stated that the speedy trial clock had not yet begun to run somehow “implicitly” extended time pursuant to Section 3161(e) demonstrates the dangers of a retroactive grant of continuances. It will always be possible to search the record and find that there were factors that “make trial within seventy days impractical.” 18 U.S.C. § 3161(e). To do so eviscerates the Act’s underlying purpose and goals. That is especially true where the record shows Judge Platt believed the speedy trial clock had not yet begun to run, no parties moved for a continuance, no extension of time was made on the record, and no trial date was set that would indicate time was being extended beyond the seventy days.
For the reasons given above, I respectfully dissent. I would therefore remand to the district court to determine if the case should be dismissed with or without prejudice. See, e.g., Tunnessen, 763 F.2d at 79.