**UNITED STATES of America, Appellee,**

v.

**Michael KELLY, Defendant–Appellant.**

No. 370, Docket 94–1176.

United States Court of Appeals,
Second Circuit.

Argued Nov. 2, 1994.

Decided Jan. 17, 1995.

**46**

Stephen P. Scaring, Garden City, NY (Laurie S. Hershey, of counsel), for defendant-appellant.

Susan Corkery, Asst. U.S. Atty., Brooklyn, NY (Zachary W. Carter, U.S. Atty. E.D.N.Y., Joseph R. Conway, Mark O. Wasserman, Asst. U.S. Attys., Brooklyn, NY, of counsel), for appellee.

Before: MINER, JACOBS, and PARKER, Circuit Judges.

PER CURIAM:

Defendant-appellant Michael Kelly appeals from a judgment entered on March 28, 1994 in the United States District Court for the Eastern District of New York (Wexler, J.), convicting him, following his plea of guilty, of conspiring to defraud the United States, in violation of 18 U.S.C. § 371, and bank fraud, in violation of 18 U.S.C. § 1344. Kelly was sentenced to a one-year term of imprisonment, to be followed by a three-year term of supervised release, and a $100 special assessment. While pleading guilty to counts one and nine of the second superseding indictment against him, Kelly reserved the right to appeal the district court's denial of his motion to dismiss the first nine counts of that indictment on speedy trial grounds. For the reasons that follow, we conclude that the district court erred in refusing to dismiss the first eight counts, and we remand for the district court to determine, in the first instance, whether these counts should be dismissed with or without prejudice. We affirm the district court's denial of Kelly's motion to dismiss as to the ninth count.

## BACKGROUND

On December 3, 1991, a grand jury in the Eastern District of New York returned an eight-count indictment against defendant-appellant Michael Kelly, charging him with participating in conspiracies to defraud the United States Department of Housing and Urban Development and Comfed Savings Bank, a federally chartered and insured bank. On December 6th, Kelly was arraigned and entered a plea of not guilty on all eight counts. On March 30, 1992, a status conference was held and the court set a jury selection date of May 1, 1992, with the trial to commence at the end of May. The parties agree that only four days of speedy trial time had elapsed between December 3, 1991 and March 30, 1992, due to various waivers executed by Kelly.

On May 19, 1992, a superseding indictment was filed, realleging the previous eight counts (with minor technical changes) and adding an additional charge of bank fraud. On May 26th, Kelly was arraigned on the superseding indictment and entered a plea of not guilty, The following colloquy also occurred:

[GOVERNMENT]: We can go to trial on June 8th and pick a jury before that.

THE COURT: How can you?

[GOVERNMENT]: We spoke this morning and apparently those dates will have to be put off and it's according to both counsel's schedules and the Court's schedule.

THE COURT: How about July?

[DEFENSE COUNSEL]: We seem to think that July is out of the question.

THE COURT: Why?

[DEFENSE COUNSEL]: Your Honor, as far as the defense goes, late July would be good from the 15th on, and apparently that is in conflict with the U.S. Attorney's schedule. We were shooting for very early August, if that is all right with the Court.

The court then set an August 7th trial date.

On June 30, 1992, a second superseding indictment was filed, re-alleging the first nine counts set forth in the first superseding indictment and setting forth two additional bank fraud counts. The next day, July 1, 1992, Kelly was arraigned on the second superseding indictment and entered a plea of not guilty.

On August 5, 1992, Kelly moved to dismiss counts one through nine of the second superseding indictment on speedy trial grounds, arguing that more than seventy days had passed since his arraignment on these counts. *See* 18 U.S.C. § 3161(c)(1). The district court denied Kelly's motion in its entirety on August 7th, reasoning that when Kelly sought the continuance at the May 26th appearance, he had "consented to the stopping of the clock." Accordingly, the court ruled, *nunc pro tunc,* that the period of time between May 26th and August 7th was excludable, pursuant to 18 U.S.C. § 3161(h)(8), in the "interests of justice."

On November 23, 1992, Kelly pleaded guilty to counts one and nine of the indictment, reserving the right to appeal the denial of his speedy trial motion. This appeal followed.

## DISCUSSION

The Speedy Trial Act, 18 U.S.C. § 3161 et seq., requires that a trial commence within 70 days of the indictment or arraignment thereon, whichever occurs later. 18 U.S.C. § 3161(c)(1). This provision of the Act is intended both to protect the defendant from

undue delay in his or her trial and to benefit society by ensuring a quick resolution of criminal trials. *See United States v. Blackwell,* 12 F.3d 44, 47 (5th Cir.1994). The Act does, however, provide for the exclusion of certain periods of delay from the computation of the 70–day limit. *See* 18 U.S.C. § 3161(h).

■ Pursuant to section 3161(h)(8), "[a]ny period of delay resulting from a continuance granted ... on the basis of [the court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" is excludable from the 70–day period. In *United States v. Tunnessen,* 763 F.2d 74, 78 (2d Cir.1985), we held that time may not be excluded on the "ends of justice" rationale "unless the district court indicates at the time it grants the continuance that it is doing so upon a balancing of the factors specified by section 3161(h)(8)." We reasoned that an on-the-record contemporaneous finding ensures that "the required balancing was done at the outset," puts defense counsel on notice that the speedy trial clock has been stopped, and facilitates appellate review. *Id.* at 77–79.

Applying these principles, it is apparent that the district court's *nunc pro tunc* "ends of justice" finding was ineffective to toll the speedy trial clock. This is not, as the government contends, a case where defense counsel misled or ambushed the court. Rather, the record reflects that an adjournment was granted to accommodate the trial schedules of both counsel and the court, precisely the type of circumstance that triggers the requirement of *Tunnessen* that a contemporaneous ends-of-justice finding be made on the record. We therefore reaffirm our ruling in *Tunnessen* by holding that the district court's retroactive finding that the May 26, 1992 continuance was granted to further the ends of justice was ineffective to create excludable time.

■ Having concluded that the time after May 26th was not excludable under section 3161(h)(8), we must determine whether there were any other excludable periods after that date. The government contends that both June 30, 1992, the date the second supersed-

ing indictment against Kelly was filed, and July 1, 1992, the date that Kelly was arraigned on the indictment, should be excluded. We agree.

While the Speedy Trial Act contains no reference to superseding indictments, in *United States v. Roman*, 822 F.2d 261, 263–64 (2d Cir.), *cert. denied*, 484 U.S. 954, 108 S.Ct. 347, 98 L.Ed.2d 373 (1987), we analogized a superseding indictment to the situation where an indictment is dismissed at the government's request and a second indictment is later filed. In such a case, the speedy trial clock for charges carried over from the original indictment stops on the date that the indictment is dismissed and does not begin to run again until after the defendant's first judicial appearance on the second indictment, at which time the clock resumes from the point at which it was stopped. *See* 18 U.S.C. § 3161(h)(6); *see also id.* § 3161(c)(1); *United States v. Anderson*, 902 F.2d 1105, 1108 n. 1 (2d Cir.), *cert. denied*, 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 146 (1990) (speedy trial clock begins on day after indictment or arraignment).

While in *Roman* we decided only that exclusions granted under the original indictment apply to charges carried over in a superseding indictment, we see no reason why the tolling provision of section 3161(h)(6) should not guide our treatment of the period between the filing of a superseding indictment and the defendant's arraignment thereon. *Accord United States v. McKay*, 30 F.3d 1418, 1420 (11th Cir.1994). Nor do we perceive any meaningful distinction between a first superseding indictment and subsequent superseding indictments, assuming that the government has not acted in bad faith or with a dilatory motive, neither of which appear on this record. We therefore conclude in this case that both June 30th, the date of the filing of the second superseding indictment, and July 1st, the date of Kelly's arraignment thereon, are excludable from the speedy trial computation.

Based on the foregoing, we conclude that the district court erred in refusing to dismiss counts one through eight, but correctly refused to dismiss count nine. As of March 30, 1992, only four days of non-excludable time had elapsed on the first eight counts. Ex-

cluding the eight days from May 19, 1992 (filing of first superseding indictment) to May 26, 1992 (arraignment), the speedy trial clock as to these eight counts expired on June 12, 1992, almost two months before defendant's trial was scheduled. With respect to the ninth count, a bank-fraud charge added in the first superseding indictment, the speedy trial clock began on May 27, 1992. Excluding June 30th and July 1st, the speedy trial clock would not have expired on this count until August 6, 1994, one day after Kelly made his motion to dismiss. *See* 18 U.S.C. § 3161(h)(1)(F) (stopping speedy trial clock when pre-trial motion is made). The district court therefore correctly denied Kelly's motion to dismiss the ninth count.

Having determined that the first eight counts must be dismissed, we leave it to the district court, in the first instance, to decide whether the dismissal should be ordered with or without prejudice. *See* 18 U.S.C. § 3162(a)(1) (listing factors for the court to consider in making this determination).

## CONCLUSION

For the foregoing reasons, we reverse the district court's denial of Kelly's motion to dismiss as to the first eight counts, affirm as to the ninth count, and remand to the district court to decide whether the dismissal of the first eight counts should be with or without prejudice.