**UNITED STATES, Appellee,**

v.

**Christopher J. LAGASSE,**
**Defendant–Appellant.**

**No. 06–0249–cr.**

United States Court of Appeals,
Second Circuit.

March 14, 2008.

Robert A. Culp, New York City, for Appellant.

Thomas D. Anderson, United States Attorney for the District of Vermont, William B. Darrow, Gregory Waples, Assistant United States Attorneys, Burlington, VT, for Appellee.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Christopher Lagasse appeals from a judgment of conviction entered January 13, 2006, following a trial in which the jury returned a verdict of guilty on all thirteen counts of a superseding indictment. We assume the parties' and counsel's familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

### I

We begin with Lagasse's claim under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–3174. Lagasse is correct that the first two counts of the superseding indictment inherited the speedy trial clock of the initial indictment, *United States v. Kelly,* 45 F.3d 45, 48 (2d Cir. 1995), and that his waiver or consent to reset the clock for those counts is ineffective under the Supreme Court's recent decision in *Zedner v. United States,* 547 U.S. 489, 126 S.Ct. 1976, 1985–87, 164 L.Ed.2d

749 (2006). Furthermore, based on the circumstances in which the parties agreed that the clock would restart, we find no merit in the government's argument that Lagasse is "judicially estopped" from asserting a Speedy Trial Act claim. *See id.* at 1987–88.

However, we reject Lagasse's argument that the district court did not make the appropriate "ends of justice" findings excluding numerous delays from speedy-trial calculations. *See* 18 U.S.C. § 3161(h)(8). Admittedly, the district court did not always record its "ends of justice" findings at the time it granted a continuance, and its failure to do so was not the "best practice." *Zedner,* 126 S.Ct. at 1989 n. 7. But we conclude that Judge Sessions made those findings, "if only in [his] mind," before granting the continuances, and that he put those findings on the record when he denied Lagasse's motion to dismiss on August 5, 2005, as *Zedner* requires. *Id.* at 1989. We note that *Zedner* was decided after Lagasse was convicted, and the district court's failure to be more explicit is understandable in that light.

Our speedy-trial calculations are as follows. There is no dispute that the speedy-trial clock ran for 13 days from October 9 through October 22, 2003. *See* 18 U.S.C. § 3161(c)(1). The clock was stopped on October 23 by the court's 90–day pretrial order, *see id.* § 3161(h)(8)(A), and remained stopped while Lagasse's December 23 motion to suppress was pending, *see id.* § 3161(h)(1)(F). At the conclusion of the April 2, 2004, suppression hearing, the district court reserved decision on one of the suppression issues, stopping the clock for an additional 30 days. *See id.* § 3161(h)(1)(J). The clock resumed on May 3 and ran 17 days until the filing of a superseding indictment on May 20, 2004, which stopped the clock until arraignment on May 27. *See Kelly,* 45 F.3d at 48. The clock remained stopped through November 23, 2004, pursuant to the court's 90–day pretrial order and 30–day extension, *see* 18 U.S.C. § 3161(h)(8)(A), and while Lagasse's second motion to suppress was pending, *see id.* § 3161(h)(1)(F). The clock resumed on November 24 and ran 28 days until Lagasse filed a motion to continue on December 22, 2004. The clock was stopped between December 22 and December 27, while that motion was pending. *See id.* Although the district court granted the motion to continue on December 27, its order did not provide for an "ends of justice" exclusion of time until the date on which trial was previously scheduled to begin, January 4, 2005. The clock thus ran again for 7 days.

Based on the foregoing, we conclude that the speedy-trial clock ran for a total of 65 days on counts one and two and 35 days on counts three through thirteen. Because not more than 70 days of non-excludable time had elapsed, the district court did not err in denying Lagasse's motion to dismiss. *See id.* § 3161(c)(1). Although the speedy-trial clock ran for an additional ten days between the court's denial of Lagasse's motion to dismiss on August 5, 2005, and the start of trial on August 16, Lagasse waived any resulting Speedy Trial Act claim by failing to renew his motion to dismiss. *See id.* § 3162(a)(2).

## II

In the alternative, Lagasse asserts that his Sixth Amendment right to a speedy trial was violated. We reject this claim, as there were a variety of reasons for pretrial delay, not least of which was Lagasse's decision twice to discharge his counsel. Further, Lagasse points to no prejudice apart from anxiety that normally attends the initiation and pendency of criminal charges. Accordingly, Lagasse's

speedy trial rights under the Sixth Amendment were not violated. *See Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (establishing that constitutional speedy trial claims are governed by four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant").

### III

 We decline to address the merits of Lagasse's claim that he received ineffective assistance of counsel. The facts relevant to the ineffectiveness claim are best developed in collateral habeas proceedings under 28 U.S.C. § 2255, should Lagasse wish to institute them. *See United States v. Doe*, 365 F.3d 150, 152–55 (2d Cir.2004); *see also Massaro v. United States*, 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Accordingly, we dismiss Lagasse's ineffective-assistance claim without prejudice to his ability to pursue it in a section 2255 motion properly filed in district court. *See United States v. Cimino*, 381 F.3d 124, 130 (2d Cir.2004).

### IV

With respect to Lagasse's claims regarding jury instructions and defense counsel's potential conflict of interest, any error by the district court was harmless. As for his challenge based on insufficiency of the evidence, we have reviewed the record and conclude that the evidence fully supports the jury's verdict.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.