11-5366-cr
*U.S. v. Lin*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand and twelve.

PRESENT:

>JOSÉ A. CABRANES,
>REENA RAGGI,
>SUSAN L. CARNEY,
>>*Circuit Judges.*

------------------------------------------x

UNITED STATES OF AMERICA,

>*Appellee,*

>-v.-                                                       No. 11-5366-cr

GUANG JU LIN, also known as Ah Gui, also known as Yi Gui, also known as Ah Tian, also known as Tian Hao Lin, also known as Yalan Ding,

>*Defendant-Appellant,*

YUDI LIU, also known as Tae Bo, also known as Ah Bo, JUN YUN XIAO, also known as Hung Xiao, also known as Ai Yun, also known as Alex, JUN QI XIAO, also known as To Guang, also known as Baldy, also known as Johnny,

>*Defendants.**

------------------------------------------x

---

\* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

| FOR APPELLANT: | ADAM PEKOR (Don D. Buchwald, *on the brief*), Kelley Drye & Warren LLP, New York, NY. |
|---|---|
| FOR APPELLEE: | NATALIE LAMARQUE, Assistant United States Attorney (Daniel P. Chung, Elie Honig, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney, United States Attorney's Office for the Southern District of New York. |

Appeal from a December 8, 2011 judgment of conviction entered by the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 8, 2011 judgment of the District Court be **AFFIRMED**.

Guang Ju Lin appeals a December 8, 2011 judgment of the District Court convicting him, after a fifteen-day jury trial, of one count of racketeering, in violation of 18 U.S.C. § 1962(c), and one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and sentencing him principally to two life sentences to run concurrently. We assume familiarity with the underlying facts and procedural history of this case.

### BACKGROUND

On August 4, 2009, a grand jury returned an indictment charging Lin and a co-defendant, Yudi Liu, in one count, with murdering Daniel Cabezas in aid of racketeering. On December 15, 2010, a grand jury returned a superseding indictment, termed the "S1 Indictment," charging Lin and Liu in three counts with (1) substantive racketeering; (2) racketeering conspiracy; and (3) the murder of Cabezas in aid of racketeering.

In support of the substantive racketeering charge, the S1 Indictment included six specific predicate acts: (1) conspiracy to murder and murder of Daniel Cabezas; (2) conspiracy to murder and attempted murder of Jian G. Liu; (3) extortion conspiracy relating to the extortion of bus company operators; (4) operating illegal gambling businesses; (5) narcotics (ecstasy) trafficking; and (6) robbery conspiracy. On February 3, 2011, the District Court held a pretrial conference and set trial for June 20, 2011.

Twenty-seven days prior to the scheduled start of trial, on May 24, 2011, a grand jury returned another superseding indictment, termed the "S3 Indictment."[1] The S3 Indictment added an additional

---

[1] The "S2 Information" was filed on March 11, 2011, and pertained only to Lin's co-defendant, Yudi Liu, who pleaded guilty to one count of attempted murder in aid of racketeering activity.

predicate act in support of the substantive racketeering charge: the conspiracy to murder and murder of Xui Kang Xiao, who had a series of personal disputes with one of Lin's associates. On June 10, 2011, Lin moved to strike the Xiao murder from the S3 Indictment or to exclude all evidence relating to the Xiao murder. The District Court denied Lin's motion on the record and in open court on June 17, 2011.

Lin's trial proceeded as scheduled on June 20, 2011. At trial, the District Court admitted into evidence ten telephone calls between Lin and two associates identified by the Government as members of his criminal enterprise that were recorded while Lin was incarcerated and awaiting trial at the Metropolitan Correctional Center ("MCC"). The Government offered the calls as evidence of the continued operation of Lin's criminal enterprise.

On July 13, 2011, at the conclusion of trial, the jury found Lin guilty on Count One (substantive racketeering) and Count Two (racketeering conspiracy), and acquitted Lin on Count Three (the murder of Daniel Cabezas). Under Count One, the jury found that the Government had proved four of the seven racketeering acts beyond a reasonable doubt: (1) the attempted murder of Jian G. Liu; (2) operation of illegal gambling businesses; (3) narcotics trafficking; and (4) the murder of Xui Kang Xiao. On December 7, 2011, the District Court sentenced Lin to two life sentences, to run concurrently.

**DISCUSSION**

Lin now appeals his judgment of conviction on two grounds. First, he contends that the District Court erred in failing to strike that portion of the S3 Indictment, or exclude all evidence, relating to the Xiao murder. Second, he argues that the District Court improperly admitted the MCC calls.

**A.     The S3 Indictment**

Lin argues that the addition of the Xiao murder as a racketeering act less than one month before the scheduled start of trial was unfairly prejudicial, and that the District Court should therefore have stricken that portion of the S3 Indictment. Lin claims that the Government should not be permitted to tack on "substantive charges" at such a late hour.

Lin identifies no authority for the proposition that new "substantive charges" should be stricken when they are added less than a month before trial, and we decline to craft such a rule now. Certainly, we have expressed some concern over potential prejudice of a superseding indictment returned shortly before trial. *See United States v. Mulder*, 273 F.3d 91, 99 (2d Cir. 2001); *United States v. Grossman*, 843 F.2d 78, 84 (2d Cir. 1988). Notably, however, Lin has made no serious claim, much less any showing, of bad faith or dilatory motive on the part of the Government, *cf. United States v. Kelly*, 45 F.3d 45, 48 (2d Cir. 1995) (excluding the time between the filing of a second superseding indictment and the defendant's

3

arraignment on that superseding indictment from the speedy trial clock, absent bad faith or dilatory motive), nor did Lin attempt to cure potential prejudice by moving for a reasonable continuance or any other remedy short of striking the relevant portion of the indictment, *see Mulder*, 273 F.3d at 99 (holding that defendants could not show prejudice after declining additional time to prepare for trial). We have never held that an indictment should be dismissed in such a situation and we do not do so now. *See United States v. Skinner*, 946 F.2d 176, 178 (2d Cir. 1991) (identifying "no legal authority for the proposition that the district court should . . . dismiss[] the superceding indictment" when returned shortly before trial); *see also United States v. Stewart*, 590 F.3d 93, 122 (2d Cir. 2009) ("The decision as to whether to prosecute generally rests within the broad discretion of the prosecutor, and a prosecutor's pretrial charging decision is presumed legitimate." (internal alteration and quotations marks omitted)).

To the extent that Lin relies on Federal Rule of Evidence 403[2] to argue that evidence relating to the Xiao murder should have been excluded as unfairly prejudicial, we review the District Court's admission of the evidence for abuse of discretion. *United States v. Al Kassar*, 660 F.3d 108, 123 (2d Cir. 2011); *see In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (A district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." (internal citation and quotation marks omitted)). Lin claims that the evidence was unfairly prejudicial solely on the ground that he had a limited time to prepare his response to it. Inasmuch as he did have a month to prepare and did not make any request, such as for a reasonable continuance, which might have eased his burden, we cannot say that the District Court abused its discretion in admitting the evidence.

In sum, while a continuance—which was not sought by Lin—was arguably in the discretion of the District Court, we see no reason, in the circumstances presented here, that the District Court should have dismissed the relevant portion of the S3 Indictment or excluded relevant evidence.

## B. The MCC Calls

Lin next argues that the District Court erred in admitting the MCC calls. As noted, we review the District Court's evidentiary rulings for abuse of discretion. *Id.* In his opening brief, Lin contends that the calls were improperly admitted pursuant to the coconspirator exception to the hearsay rule under Federal Rule of Evidence 801(d)(2)(E).[3] Def.'s Br. 25. It is clear from the record, however, that the District Court in fact admitted the statements made by Lin on the calls as party admissions, under

---

[2] In full, Rule 403 reads: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

[3] In relevant part, Rule 801(d)(2)(E) reads: "A statement that meets the following conditions is not hearsay: . . . The statement is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy."

Federal Rule of Evidence 801(d)(2)(A),[4] and the statements made by other parties on the calls as necessary context and not for their truth. Joint App'x 294.

In his reply brief, Lin argues that the calls were improperly admitted under Rule 801(d)(2)(A) because he "makes no substantive statements [on the calls] whatsoever." Def.'s Reply Br. 6. This argument is irrelevant. The question under Rule 801(d)(2)(A) is simply whether the District Court abused its discretion in finding that the statements were not hearsay because they were made by a party opponent and offered against the opposing party. Lin does not contest the District Court's conclusion on this issue—nor would he prevail on such a claim.

Finally, Lin argues that the District Court should have excluded the statements as unfairly prejudicial under Rule 403. In sum, Lin has failed to make any demonstration of *unfair* prejudice sufficient to demonstrate that the District Court abused its discretion.

## CONCLUSION[5]

We have reviewed the record and the parties' arguments on appeal, and for the reasons stated above we **AFFIRM** the December 8, 2011 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] In relevant part, Rule 801(d)(2)(A) reads: "A statement that meets the following conditions is not hearsay: . . . The statement is offered against an opposing party and . . . was made by the party in an individual or representative capacity."

[5] We note, with appreciation and thanks, the service of defense counsel, in the District Court as well as before us, by appointment under the Criminal Justice Act.

5